■ ALEJA RUIZ, Appellant, v. CLEMENTINE SISTMAN, Defendant. LOUIS G. TUREN, Respondent.— Order unanimously modified to provide that the lien of the respondent for his services, exclusive of disbursements, shall be an amount to be fixed by the court at the conclusion of the litigation and, as so modified, affirmed, without costs, and with the disbursements of both attorneys on this appeal to be paid out of their shares of any recovery. It does not appear in the record what fee agreement, if any, plaintiff has made with the substituted attorney. In Buckley v. Surface Transp. Corp. of N. Y. (277 App. Div. 224) we considered a somewhat similar situation. There we condemned the practice of an attorney arbitrarily charging 50% of the recovery, regardless of trial or settlement, or the nature or amount of services rendered. We here repeat that condemnation with the added statement that upon the facts here presented any fee charged by the substituted attorney should be based upon the excess recovered beyond the sum of $1,750 previously offered in settlement. Settle order on notice. Concur — Peck, P. J., Breitel, Bastow, Botein and Rabin, JJ.

■ SADEL J. GREIPER, Appellant, v. NATIONAL CASUALTY COMPANY, Respondent.— The defendant was not entitled to summary judgment dismissing the complaint. There is no ambiguity in the insuring clause of the policy. Although inartfully worded, it provides indemnity, among other things, for loss of life from accidental bodily injury sustained while the policy is in force. Such accidental injury, it is alleged in the complaint, was sustained on March 13, 1953, nearly two months before the expiration date of the policy. The defendant's contention, that it is the loss rather than the accident which must occur during the period the policy is in force, is specious. The fact that the insured may have died after the expiration date of the policy does not terminate any liability of the company under the insuring clause of the contract. The other defenses raised by the defendant, of alleged failure to give timely notice of the accident and of the subsequent death and the plaintiff's refusal to consent to an autopsy, may not be determined upon this motion. Issues of fact are presented that require a trial. Order and judgment unanimously reversed, with costs and disbursements to the appellant and the motion denied. Concur — Peck, P. J., Breitel, Bastow, Botein and Cox, JJ.

■ IDA KALIK et al., Respondents, v. WILLIAM WEISMAN, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Bastow, Botein and Cox, JJ.

■ In the Matter of 22–26 POST AVE. CORP., Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [22–26 Post Ave., Borough of Manhattan.] — Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Bastow, Botein and Cox, JJ.

■ In the Matter of 30–38 POST AVE. CORP., Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [30–34–38 Post Ave., Borough of Manhattan.] — Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Bastow, Botein and Cox, JJ.

■ In the Matter of 109–113 SHERMAN AVE. CORP., Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [109–113 Sherman Ave., Borough of Manhattan.] — Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Bastow, Botein and Cox, JJ.

■ In the Matter of 117–129 SHERMAN AVENUE CORP., Appellant, against TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [117–129 Sherman Ave., Borough of Manhattan.] — Order unanimously affirmed. No opinion. Concur — Peck, P. J., Breitel, Bastow, Botein and Cox, JJ.